IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

CATALINA M. NGUYEN                                                                                    PLAINTIFF

vs.                                            Civil No. 2:15-cv-02026

CAROLYN W. COLVIN                                                                                   DEFENDANT
Commissioner, Social Security Administration

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Catalina M. Nguyen ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for a period of disability and Disability Insurance Benefits ("DIB") under Title II of the Act.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable P.K. Holmes, III referred this case to this Court for the purpose of making a report and recommendation. In accordance with that referral, and after reviewing the arguments in this case, this Court recommends Plaintiff's case be **AFFIRMED.**

**1.     Background:**

Plaintiff filed her disability application on April 13, 2012. (Tr. 9). In her application, Plaintiff alleges being disabled due to knee problems, back problems, high blood pressure, numbness on the left side of her body, ulcers, and allergies. (Tr. 164). Plaintiff alleges an onset date of January 1, 2011. (Tr. 9). This application was denied initially and again upon reconsideration. (Tr. 68-69).

Thereafter, Plaintiff requested an administrative hearing on her application. (Tr. 79-81). This hearing request was granted. (Tr. 88-98). Plaintiff's administrative hearing was held on May

1, 2013 in Fort Smith, Arkansas. (Tr. 23-67). At this hearing, Plaintiff was present and was represented by counsel, Susan Brockett. *Id.* Plaintiff and Vocational Expert ("VE") Larry Seifert testified at this hearing. *Id.* During this hearing, Plaintiff testified she was fifty-eight (58) years old, which is defined as a "person of advanced age" under 20 C.F.R. § 404.1563(e) (2008). (Tr. 28). As for her education, Plaintiff testified she had obtained her bachelor's degree. (Tr. 28).

On November 22, 2013, the ALJ entered an unfavorable decision denying Plaintiff's application for DIB. (Tr. 6-18). In this decision, the ALJ found Plaintiff met the insured status requirements of the Act through March 31, 2016. (Tr. 11, Finding 1). The ALJ found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since February 3, 2012, her amended alleged onset date. (Tr. 11, Finding 2). The ALJ found Plaintiff had the following severe impairments: mild degenerative disc disease/osteoarthritis of the lumbar spine with back pain, knee pain, and hypertension. (Tr. 11-12, Finding 3). Despite being severe, the ALJ determined these impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 12, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 12-17, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except the claimant can only occasionally climb, balance, stoop, kneel, crouch, and crawl.

*Id.*

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 17, Finding 6). After considering her RFC, the ALJ determined Plaintiff retained the capacity to perform her PRW both as a production line worker (light, unskilled) and as a teacher's aide II (medium, skilled). *Id.* Because she retained the capacity to perform this PRW, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from February 3, 2012 through the date of his decision or through November 22, 2013. (Tr. 17, Finding 7).

Thereafter, Plaintiff requested the Appeals Council's review of the ALJ's unfavorable decision. (Tr. 4-5). On January 21, 2015, the Appeals Council denied this request for review. (Tr. 1-3). On February 10, 2015, Plaintiff filed the present appeal. ECF No. 1. Both Parties have filed appeal briefs. ECF Nos. 12, 14. This case is now ready for decision.

**2.   Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).

As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3.     **Discussion:**

In her appeal brief, Plaintiff raises the following three arguments for reversal: (A) the ALJ

4

failed to fully and fairly develop the record; (B) the ALJ erred in his credibility assessment; and (C) the ALJ erred in assessing her RFC. ECF No. 12 at 1-16. The Court will address each of these arguments.

### A. Record Development

Plaintiff claims the ALJ erred in developing the record in his case. ECF No. 12 at 9-10. Specifically, Plaintiff claims the ALJ "should have sought further clarification regarding the severity of her mild degenerative disc disease/osteoarthritis of the lumbar spine with back pain, knee pain, and hypertension." *Id.* In response to this argument, Defendant claims the ALJ fully complied with his obligation to fully develop the record. ECF No. 14 at 4-9. Defendant also argues no remand is necessary. *Id.*

Upon review of Plaintiff's claim and Defendant's response, the Court agrees the record in this case was properly developed and no remand is necessary. Notably, the ALJ only has the obligation "to develop a reasonably complete record." *Clark v. Shalala,* 28 F.3d 828, 830-31 (8th Cir. 1994). Here, the transcript in this case is over three hundred pages long. This transcript includes Plaintiff's treatment records and the report from a consultative examination ordered by the ALJ. (Tr. 227-339). This transcript also includes x-rays of Plaintiff's cervical spine, thoracic spine, and lumbar spine ordered at the SSA's request. Based upon this information, the Court finds this is a "reasonably complete record."

As a final point, a social security case should only be remanded for failure to develop the record where there has been a showing of prejudice or unfair treatment. *See Onstad v. Shalala,* 999 F.2d 1232, 1234 (8th Cir. 1993) (holding "absent unfairness or prejudice, we will not remand"). Here, Plaintiff has made no showing of prejudice or unfair treatment. ECF No. 12 at 9-10. Thus, the Court finds Plaintiff has not made the showing required for a remand in this action to further

develop the record.

### B.    Credibility Assessment

Plaintiff claims the ALJ's credibility determination is not sufficient. ECF No. 12 at 10-14. Plaintiff argues the ALJ did "not give any solid, substantiated reasons for discrediting Plaintiff's testimony. It is simply discredited." *Id.* Plaintiff claims that because the ALJ did not perform a proper *Polaski* analysis, her case must be reversed and remanded. *Id.*

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[1] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322. The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.*

The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective

---

[1] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the Court finds the ALJ fully complied with the requirements of *Polaski* in evaluating Plaintiff's credibility. (Tr. 12-17). In his opinion, the ALJ noted Plaintiff is able to perform a number of daily activities (including perform household tasks, drive a vehicle, shop in stores for groceries, manage finances, attend church services, and exercise); Plaintiff did not follow the treatment recommended by her providers for her peptic ulcer disease and eye impairments[2], Plaintiff did not take any narcotic-based pain relieving medications; and Plaintiff had been actively seeking employment including undergoing a physical examination that was necessary to obtain employment. *Id.*

Based upon this information, the Court finds the ALJ supplied "good reasons" for his credibility determination. Because these are "good reasons" for discounting Plaintiff's subjective complaints, the Court finds no basis for reversal on this issue. *See McDade v. Astrue,* 720 F.3d 994,

---

[2] Plaintiff attempts to excuse her failure to follow the prescribed course of treatment by claiming she could not afford this treatment or medication. ECF No. 12 at 15-16. Despite this claim, however, Plaintiff has not demonstrated she sought free or low-cost medical treatment or had been denied medical care because of her inability to pay. Such a showing is required to excuse Plaintiff's failure to follow a prescribed course of treatment. *See, e.g., Murphy v. Sullivan,* 953 F.2d 383, 386-87 (8th Cir. 1992). Thus, the Court finds Plaintiff's argument on this issue is not persuasive.

998 (8th Cir. 2013) (holding a credibility determination is entitled to deference if it is based upon "good reasons supported by substantial evidence").

    **C.**    **RFC Determination**

Plaintiff claims the ALJ erred in assessing her RFC.  ECF No. 12 at 14-16.  In making this claim, Plaintiff again relies upon her subjective complaints of disability.  *Id.*  As noted above, however, the ALJ *properly considered* those subjective complaints and provided valid reasons for discounting her claims.  Thus, the Court also finds no basis for reversal on this issue.

**4.**    **Conclusion:**

Based on the foregoing, the undersigned finds the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence in the record and recommends it be **AFFIRMED.**

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.  See *Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

    **ENTERED this 12th day of August 2015.**

    /s/   Barry A. Bryant
    HON. BARRY A. BRYANT
    U.S. MAGISTRATE JUDGE